UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RICHARD FISHER,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**ISAAC FULWOOD, JR.,** )<br>)<br>**Defendant.** ) | Civil Action No. 11-2107 (RJL) |

MEMORANDUM ST~~AND~~ ORDER

July 21, 2012

Defendant moves for reconsideration of the Order of December 21, 2011, granting plaintiff's motion to proceed *in forma pauperis* ("IFP"), which defendant has opposed. *See* Order, ECF No. 6; Def.'s Mot. for Reconsideration, ECF No. 12. Defendant contends that plaintiff should be barred from proceeding IFP under the three-strike provision of the Prison Litigation Reform Act, which states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Such dismissals are authorized by 28 U.S.C. § 1915(e)(2) and § 1915A, the latter of which requires the screening of prisoners' civil complaints and, if appropriate, the immediate dismissal of such complaints.

Defendant has the burden of "produc[ing] evidence capable of showing that the district court dismissed the case on section 1915(g) grounds." *Thompson v. DEA*, 492 F.3d 428, 436 (D.C. Cir. 2007). "Unexplained dismissals," *id.* at 435, and those based on grounds not listed in

section 1915(g), do not suffice in this circuit. *See id.* at 439 (declining "to treat all section 1915A dismissals as presumptive strikes."). Furthermore, "[i]f at least one claim within an action or appeal falls outside section 1915(g), the action or appeal does not count as a strike," *id.* at 440, and the affirmance of a qualifying dismissal by the court of appeals does not count as a strike absent the court's stating "that the appeal was frivolous, malicious, or failed to state a claim." *Id.* at 436.

Under the foregoing criteria, defendant has identified just one qualifying strike. Def.'s Mot. for Reconsideration, Ex. A (*Fisher v. Casterline*, No. CV03-2231-A (W.D. La. Apr. 7, 2005) (dismissing case as frivolous). Defendant has requested in the alternative that the Court exercise its discretion "to withdraw [plaintiff's] IFP privileges," Def.'s Mot. for Reconsideration at 6, but he has not in any way shown that plaintiff has abused the privilege to proceed IFP. *See Thompson*, 492 F.3d at 439 (quoting *Butler v. Dep't of Justice*, 492 F.3d 440, 446-47 (D.C. Cir. 2007)) (requiring examination of "the number, content, frequency, and disposition of [the prisoner's] previous filings to determine if there is a pattern of abusing the IFP privilege in his litigation history") (brackets in original). Accordingly, it is

**ORDERED** that defendant's motion to reconsider the order granting plaintiff's *in forma pauperis* motion [Dkt. # 12] is **DENIED**; and it is further

**ORDERED** that defendant's motion for an enlargement of time to answer or otherwise respond to the complaint [Dkt. # 13] is **GRANTED**. Defendant shall respond to the complaint by **August 20, 2012**.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge