UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RICHARD FISHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-2107 (RJL) |
| | ) | |
| ISAAC FULWOOD, JR., | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION
February /S/ 2013 [Dkt. #18]

FILED
FEB 01 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Plaintiff, a District of Columbia prisoner currently confined at the Hampton Roads Regional Jail in Portsmouth, Virginia, sues Isaac Fulwood, Jr., Chair of the United States Parole Commission ("Commission") for alleged constitutional violations. Plaintiff initiated this action while confined at the United States Penitentiary Lee in Jonesville, Virginia. Compl. [Dkt. #1] at 1. He claims that, as chairman of the Commission, Fulwood "is responsible for reviewing and acting upon plaintiff's request for parole in accordance with the United States Constitution, Federal Law and Regulation," and District of Columbia regulations "as interpreted by the 1991 Policy Guideline." *Id.* at 2-3. Alleging that the Commission's parole decision memorialized in a Notice of Action issued July 25, 2011 violated the Constitution's *ex post facto* clause, *id.* at 4-6, plaintiff sues Fulwood for $70,000 and seeks equitable relief. *Id.* at 11.

Defendant moves to dismiss on the ground, among others, that this action is barred under principles of *res judicata*. Mem. of P. & A. in Support of Def.'s Mot. to Dismiss

1

[Dkt. # 18] at 5-8. Since this case arises out of the same events forming the basis of plaintiff's dismissed case against the same defendant, *see Fisher v. Fulwood*, 774 F. Supp. 2d 54, 55 (D.D.C. 2011) (*Fisher I*) (granting in part and denying in part defendants' motion to dismiss); *Fisher v. Fulwood*, Civ. No. 09-1910, 2012 WL 848152 (D.D.C. Mar. 9, 2012) (*Fisher II*) (granting defendants' motion to dismiss on remaining *ex post facto* claim), the Court agrees that *res judicata* applies and, thus, will grant defendant's motion to dismiss.

## BACKGROUND

Plaintiff was sentenced on November 21, 1997 by the Superior Court of the District of Columbia. Compl. at 3. He "is serving multiple sentences for second-degree murder, possession of a firearm during a crime of violence, and carrying a pistol without a license, all in violation of various sections of the District of Columbia Code." *Fisher*, 774 F. Supp. 2d at 55. In both this action and the earlier action, plaintiff alleges that the Commission applied the wrong guidelines, namely the 2000 guidelines, to deny his application for parole when it should have applied the 1987 regulations and the 1991 guidelines. Compl. at 5; *cf. Fisher*, 774 F. Supp. 2d at 56 ("Plaintiff alleges that at his initial parole hearing on April 30, 2009, the Commission applied the 2000 guidelines when it should have applied the 1987 regulations and 1991 guidelines . . . . Alternatively, plaintiff alleges that, to the extent that the Commission applied the 1987 regulations, it did so without consideration of the 1991 guidelines.")

Although plaintiff contends in opposition to the instant motion that the claims are not the same, both actions challenge the Commission's Notice of Action dated July 25,

2011, and advance the same argument. *See* Compl. 4-6; *Fisher*, 2012 WL 848152, at *1 ("Indeed, the Commission's Notice of Action dated July 2, 2009, states that 'the Commission is applying the DC Board of Parole's 1987 guidelines to the initial parole decision in your case,' . . . and its Notice of Action dated July 25, 2011, states '[y]ou continue to be scored under the 1987 guidelines of the D.C. Board of Parole.'"). Since the Commission had stated in the July 25, 2011 action notice that it had applied the 1987 guidelines, and plaintiff had provided nothing to rebut that statement, the Court found plaintiff's *ex post facto* claim moot and granted defendant's motion to dismiss. *Fisher*, 2012 WL 848152, at *1-2.

## DISCUSSION

Under principles of *res judicata*, also known as claim preclusion, "a judgment on the merits in a prior suit bars a second suit involving identical parties or their privies based on the same cause of action." *Apotex, Inc. v. FDA*, 393 F.3d 210, 217 (D.C. Cir. 2004) (citation omitted). Specifically, "a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause[s] of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC*, 569 F.3d 485, 490 (D.C. Cir. 2009) (citation omitted). Thus, claim preclusion "embodies the principle that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not to have another chance to do so," and is designed "to prevent litigation of matters that should have been raised in an earlier suit." *SBC Commc'ns Inc. v. FCC*, 407 F.3d 1223, 1229 (D.C. Cir. 2005) (citation and

3

internal quotation marks omitted). *Res judicata* bars the relitigation "of issues that were or *could have been raised* in [the prior] action." *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (emphasis in original) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)); *see I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously"); *accord Crowder v. Bierman, Geesing, and Ward LLC*, 713 F. Supp. 2d 6, 10 (D.D.C. 2010).

This action presents substantially the same claims as the earlier action and is brought against one of the same defendants. Since the earlier action was dismissed on the merits, plaintiff is precluded from litigating the same or related claims anew. Accordingly, the Court grants defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). A separate, final order accompanies this Memorandum Opinion.

/s/ Richard J. Leon
RICHARD J. LEON
United States District Judge